IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3077-F

| | | |
|---|---|---|
| MONTERIUS R. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| U.S. DISTRICT COURT, EASTERN | ) | |
| DISTRICT OF N.C. and U.S. ATTORNEY | ) | |
| JOHN H. BENNETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On March 31, 2015, Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [DE-1]. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915 [DE-2], and the matter is now before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff pleaded guilty to being a felon in possession of a firearm, and on January 15, 2010, he was sentenced to a term of imprisonment of 84 months. United States v. Smith, No. 5:09-CR-196-D, [DE-20]. However, on October 29, 2012, this conviction was vacated in light of the Fourth Circuit's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Smith, No. 5:09-CR-196-D, [DE-55]. In the instant complaint Plaintiff, seeks to recover monetary damages for "those harsh years of false imprisonment." Compl. [DE-1], p. 4. Plaintiff names a federal district court and the prosecutor in his criminal case as defendants. Id. at p. 2.

The court begins with Plaintiff's claim against the United States District Court for the Eastern District of North Carolina. It is well settled that the United States and its agencies are absolutely immune, pursuant to the doctrine of sovereign immunity, from suit except as Congress specifically provides. United States v. Testan, 424 U.S. 392, 399 (1976); Mann v. Haigh, 120 F.3d 34, 35 (4th Cir. 1997). Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such suits. United States v. Sherwood, 312 U.S. 584, 587-88 (1941). Congress has not waived immunity for Bivens actions. See Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While Bivens actions allow for

2

recovery of money damages against federal officials . . . Bivens does not allow for recovery of money damages, or suits in general, against the government itself.") Therefore, Plaintiff's Bivens claim against the United States District Court for the Eastern District of North Carolina is barred by the doctrine of sovereign immunity.

As for Plaintiff's claim against the prosecutor in his federal criminal proceedings, prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (stating that a prosecutor has absolute immunity for performing functions "intimately associated with the judicial phase of the criminal process."); Blackston v. Vogrin, No. 10-6736, 2010 WL 5027203, at *1 (4th Cir. Dec. 6, 2010) ("A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions as an advocate for the state.") Plaintiff's allegations against the federal prosecutor in his criminal action arise out of prosecutorial duties, for which a prosecutor has immunity. See Imbler, 424 U.S. at 427 ("In all of [post-trial] attention of the reviewing judge or tribunal is focused primarily on whether there was a fair trial under law. This focus should not be blurred by even the subconscious knowledge that a post-trial decision in favor of the accused might result in the prosecutor's being called upon to respond in damages for his error or mistaken judgment."); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) ("[A]bsolute immunity is afforded prosecutors when acting within the advocate's role.") (internal quotation omitted). Therefore, Plaintiff's claim against the federal prosecutor is barred by the doctrine of prosecutorial immunity, and is DISMISSED for failure to state a claim.

In summary, Plaintiff's claims against the United States District Court for the Eastern District of North Carolina and the federal prosecutor are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because plaintiff has not named a proper party against who he

3

may proceed with this action, the action is DISMISSED without prejudice.[1] The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This __9__ day of November, 2015.

JAMES C. FOX
Senior United States District Judge

---

[1] Moreover, although Plaintiff seeks to proceed pursuant to Bivens, his claim is actually controlled by 28 U.S.C. § 1495. Section 1495 states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Therefore, Plaintiff must file his claim for damages for an unjust conviction in the United States Court of Federal Claims. Id. However, Plaintiff must first obtain a certificate of actual innocence from his court of conviction before he may proceed with such a claim. United States v. Mills, No. 13-7358, 2014 WL 6871402, at *1 (4th Cir. Dec. 8, 2014); see United States v. Graham, 608 F.3d 164, 171 (4th Cir. 2010) ("Congress clearly did not provide in the unjust conviction and imprisonment act an avenue for monetary compensation to all whose criminal convictions are reversed after incarceration"). Accordingly, even if Plaintiff had named a proper defendant, his request for monetary damages is premature.